J-S24034-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| EDWARD PRINTUP, | : | |
| | : | |
| Appellant | : | No. 1282 MDA 2017 |

Appeal from the PCRA Order July 13, 2017
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0001191-1980

BEFORE:  OLSON, J., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY MUSMANNO, J.:                    **FILED JULY 23, 2018**

Edward Printup ("Printup") appeals, *pro se*, from the Order dismissing his fifth Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").  ***See*** 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

On December 15, 1980, a jury found Printup guilty of first-degree murder, arising out of the death of Printup's step-father.  On March 11, 1981, Printup was sentenced to life in prison.  On May 19, 1986, this Court affirmed the judgment of sentence.  ***See Commonwealth v. Printup***, 512 A.2d 1291 (Pa. Super. 1986) (unpublished memorandum).  Printup subsequently filed four PCRA petitions, all of which were denied.

On October 4, 2016, Printup filed the instant fifth PCRA Petition.  On April 28, 2017, the PCRA court issued a Pa.R.Crim.P. 907 Notice of intent to dismiss the Petition.  Printup filed a response to the Rule 907 Notice.

Thereafter, the PCRA court dismissed the Petition. Printup filed a timely Notice of Appeal.[1]

"On appeal from the [dismissal] of PCRA relief, our standard of review calls for us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Nero*, 58 A.3d 802, 805 (Pa. Super. 2012) (citation omitted).

The PCRA requires that any PCRA petition "shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." *Id*. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Printup's judgment of sentence became final on June 18, 1986, at the expiration of the 30-day period to appeal to the Supreme Court of Pennsylvania. *See* Pa.R.A.P. 1113(a). Thus, Printup's instant Petition, filed in October 2016, is facially untimely under the PCRA.

However, Pennsylvania courts may consider an untimely petition where the petitioner pleads and proves one of the three exceptions set forth at 42

---

[1] We note Printup also filed a Motion for DNA testing, which was denied on August 9, 2017. The denial of this Motion is not before us in this appeal.

Pa.C.S.A. § 9545(b)(1)(i)-(iii). Any PCRA petition invoking one of these exceptions "shall be filed within 60 days of the date the claim could have been presented." *Id*. § 9545(b)(2); *Albrecht*, 994 A.2d at 1094.

Printup invokes all three exceptions at section 9545(b)(1) and asserts that the decisions in *Miller v. Alabama*, 567 U.S. 460 (2012), and *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016), render his sentence illegal. Brief for Appellant at 17. In *Miller*, the United States Supreme Court prohibited mandatory sentences of life without parole applied to juveniles under the age of 18 at the time of offense. *Miller*, 567 U.S. at 465. In *Montgomery*, the United States Supreme Court held *Miller* applied retroactively. *See Montgomery* 136 S. Ct. at 736.

Here, Printup filed his Petition well past 60 days after the decisions in *Miller* (June 25, 2012) and *Montgomery* (January 25, 2016). *See Commonwealth v. Brandon* 51 A.3d 231, 235 (Pa. Super. 2012) (noting that the 60-day period under section 9545(b)(2) "begins to run upon the date of the underlying judicial decision.") (citation omitted).

Further, *Montgomery* and *Miller* are inapplicable to this case because Printup was nineteen years old when he committed the crime.[2] *See* PCRA

---

[2] In his brief, Printup claims that there is an issue with regard to his birth date, which would demonstrate that he was under the age of eighteen at the time of the murder. Brief for Appellant at 17. However, Printup failed to raise such a claim in his PCRA Petition, or provide any substantive proof to support the claim. *See Commonwealth v. Ousley*, 21 A.3d 1238, 1242 (Pa. Super.

- 3 -

Court Opinion, 4/28/17, at 4; *see also Commonwealth v. Furgess*, 149 A.3d 90, 94 (Pa. Super. 2016) (noting that "petitioners who were older than 18 at the time they committed murder are not within the ambit of the *Miller* decision and therefore may not rely on that decision to bring themselves within the time bar exception in Section 9545(b)(1)(iii).").

Therefore, Printup has failed to plead and prove any of the exceptions provided in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) to overcome the untimeliness of his Petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 07/23/2018

---

2011) (noting that "issues not raised in a PCRA petition cannot be considered on appeal.") (citation omitted).